UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN G. CORREIA,
    Plaintiff,

v.

MASS BAY COMMUTER RAILROAD,
    Defendant.

CIVIL ACTION
NO. 12-12048-DJC

MEMORANDUM AND ORDER

CASPER, J.                                                                                           NOVEMBER 9, 2012

## I.    Introduction

On November 1, 2012, Plaintiff Brian G. Correia, a resident of North Dartmouth, Massachusetts, filed a civil action alleging discrimination and denial of reasonable accommodations for his disability. In brief, Plaintiff claims that he suffered from manic depression and was reprimanded due to his illness. As a result, he was unable to attend doctor's appointments for treatment because he feared losing his job. As a result, he lacked proper medications and began to self-medicate with cocaine in order to function at work. He was given a drug test but resigned prior to obtaining the results. His employer claims he was fired for drug use. Plaintiff claims he was bullied into signing a waiver of his right to a hearing or investigation and denied union representation. He filed a complaint with Human Resources, as well as complaints with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunities Commission, to no avail. He seeks to be reinstated with seniority pay benefits, as well as $3,000,000.00 in damages.

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*

(D. 2) and a Motion for Appointment of Counsel.

## II.    Discussion

    A.    <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of the Plaintiff's financial disclosures, this Court finds that he lacks sufficient funds to pay the $350.00 filing fee for this action.  Accordingly, his Motion for Leave to Proceed *in forma pauperis* (D. 2) is <u>ALLOWED</u>.

    B.    <u>Order for the Issuance of a Summons and Service by the U.S. Marshal Service</u>

Upon  a preliminary screening pursuant to 28 U.S.C. § 1915(e), this Court will permit this action to proceed at this time, and will direct the Clerk to issue a summons and the U.S. Marshal Service to effect service of process as set forth below.

    C.    <u>The Motion for Appointment of Counsel</u>

Under section 1915 of Title 28, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1).  The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under §1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case."  <u>Cookish v. Cunningham</u>, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*).  Ultimately, to be eligible for this assistance Plaintiff "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights."  <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).

In discrimination suits, the Court considers the merits of the case, the plaintiff's efforts to obtain counsel, and the plaintiff's financial resources.  See Gadson v. Concord Hosp., 966 F.2d 32, 35 (1st Cir. 1992).  "Any one of the three factors may be determinative."  Id. at 36 (citing Darden v. Illinois Bell Telephone Co., 797 F.2d 497, 501 (7th Cir. 1986)).

Here, the Court deems Plaintiff to be unable to afford counsel and credits his stated inability to obtain counsel after making efforts to do so.  Nevertheless, at this juncture and on this record, this Court cannot find that exceptional circumstances exist to appoint *pro bono* counsel for Plaintiff, particularly where the merits of his discrimination claim are uncertain in light of the Defendant's purported reasons for his termination (as reported by Plaintiff in the Complaint).  Absent a response from the Defendant, the expenditure of the Court's scarce *pro bono* resources cannot be justified.  Accordingly, Plaintiff's Motion for Appointment of Counsel (D. 3) is DENIED without prejudice to renew after the Defendant has filed a responsive pleading, and upon good cause shown in light of the response.

### III.    Conclusion

Based on the foregoing, it is hereby Ordered that:

(1)    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D. 2) is ALLOWED.

(2)    The Clerk shall issue a summons as to Defendant Mass Bay Commuter Railroad.

(3)    The Clerk shall send the summons, Complaint, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendant in accordance with Federal Rule of Civil Procedure 4(m).  The Plaintiff may elect to have service made by the U.S. Marshal Service.  If directed by the Plaintiff to do so, the U.S. Marshal Service shall serve the summons, Complaint, and this Memorandum and Order upon the Defendant in the manner directed by the Plaintiff, with all costs of service to be advanced by the U.S. Marshal Service.

(4)    Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

(5)      Plaintiff's Motion for Appointment of Counsel (D. 3) is <u>DENIED</u> without prejudice.

SO ORDERED.

<u>/s/ Denise J. Casper</u>
Denise J. Casper
U.S. District Judge