UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN CORREIA,<br><br>          Plaintiff<br><br>     v.<br><br>MASSACHUSETTS BAY COMMUTER RAILROAD,<br><br>          Defendant. | Civil Action No. 12-12048-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                    **December 4, 2013**

**I.     Introduction**

Defendant Massachusetts Bay Commuter Rail ("MBCR") has moved for judgment on the pleadings to dismiss the complaint filed by Plaintiff Brian Correia ("Correia"). D. 20. For the reasons stated below, the Court ALLOWS the motion.

**II.    Standard of Review**

Pursuant to Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings. "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez–Acevedo v. Rivero–Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43–44 (1st Cir. 2007)). When considering a motion under Rule 12(c), a court must view the facts in the pleadings and the reasonable inferences therefrom in the light most favorable to the nonmovant. Perez–Acevedo, 520 F.3d at 29 (citation omitted). In reviewing the motion, the Court may also "consider 'documents the authenticity of which are not disputed by

1

the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Curran, 509 F.3d at 44 (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). To survive a Rule 12(c) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. . . .'" Perez–Acevedo, 520 F.3d at 29 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## III. Factual Background and Procedural History

Unless otherwise noted, this summary is based upon the allegations in the complaint. Correia was an employee of MBCR. D. 1 ¶ 6. He alleges that he suffered from "manic depression." Id. ¶ 3. He further alleges that he was "written up at work" because of his depression and because he had to attend doctor's appointments. Id. He asserts that he was "self-medicat[ing]" his depression with cocaine. Id. ¶ 6. Because of his fear of being fired, Correia did not attend certain medical appointments. Id. ¶¶ 4-5. After being subjected to a drug test, Correia "resigned prior to [the drug test] results being returned," but in the same paragraph alleges that his "employer says I was fired for drug use." Id. ¶ 7. Correia also alleges that he was "forced and bullied" into signing a form waiving his rights to a hearing or investigation and, therefore, filed a complaint with human resources. Id. ¶ 8.

The Massachusetts Commission Against Discrimination ("MCAD") apparently conducted an investigation and dismissed Correia's charge. Id. ¶ 9; D. 20-2. The Equal Employment Opportunity Commission ("EEOC") later adopted the MCAD's findings on July 23, 2013, when the federal agency issued its "right-to-sue" letter to Correia. Id.; see also D. 1 at

1 (noting that "my case has been thrown out of [the] MCAD and EEOC"). Correia commenced this action on November 1, 2012. D. 1. MBCR has now moved for judgment on the pleadings. D. 20. The Court heard oral argument on the motion on October 2, 2013 and took the matter under advisement. D. 31.

## IV.   Discussion

### A.   Correia's Complaint is Time-Barred

#### 1.   The Court Construes Correia's Complaint as Alleging a Claim Under the Americans with Disabilities Act

There is some ambiguity in the complaint as to whether Correia's complaint attempts to state a claim under the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, or under the Massachusetts anti-discrimination statute, Mass. Gen. L. c. 151B, § 4. Although Correia states that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, D. 1 at 1, the parties are not citizens of two different states, as both parties are Massachusetts citizens. Id.; see D. 10 at 1. Moreover, the civil action cover sheet attached to Correia's complaint lists "federal question" as the basis for jurisdiction. D. 1-1. Accordingly, the Court assumes that Correia's claim arises under the ADA.[1]

#### 2.   The Court May Consider the Right to Sue Letter

As a preliminary matter, the Court addresses what documents it may consider at this stage. MBCR's argument that Correia's complaint is time-barred necessarily depends on the Court's consideration of the "right-to-sue" letter, which the EEOC sent to Correia on July 23, 2012. D. 20-2. In general, although courts may not consider documents outside the pleadings in deciding a motion for judgment on the pleadings, "the First Circuit has recognized a narrow

---

[1] Given the Court's dismissal of the ADA claim, as discussed below, even if the complaint could be fairly said to state a c. 151B claim, the Court would decline to exercise supplemental jurisdiction over it. See 28 U.S.C. § 1367(c)(3).

exception for, inter alia, 'documents the authenticity of which are not disputed by the parties' and for official public records." Preyer v. Dartmouth Coll., 968 F. Supp. 20, 23 n.3 (D.N.H. 1997) (quoting Watterson, 987 F.2d at 3).  Other courts have construed the exception to reach such documents only where they are "central to" plaintiffs' claims.  Glass v. Clarian Health Partners, Inc., No. 05–0583, 2005 WL 2476129, at *3 (S.D. Ind. Oct.6, 2005) (considering right-to-sue letter with regard to dates of issuance only, because exhaustion of administrative remedies was disputed in plaintiff's Title VII case and, therefore, the document was "central to" the plaintiff's claim), cited with approval in Pell v. Potter, No. 09-10894-DJC, 2011 WL 808829, *2 n.1 (D. Mass. Mar. 1, 2011).  Here, the right-to-sue letter is central to Correia's claim as it affects whether a plausible ADA claim has been pled.  Finally, as discussed below, the authenticity of the right-to-sue letter is not disputed by the parties.  As such, the Court deems it appropriate to consider the right-to-sue letter in deciding the instant motion.

       *3.*     *Correia Did Not File Suit within Ninety Days of Receiving the Right-to-Sue Letter*

The ADA, like Title VII of the Civil Rights Act of 1964, requires claimants to exhaust administrative remedies prior to filing suit.  42 U.S.C. § 12117(a) (making certain procedural requirements of Title VII applicable to ADA suits); 42 U.S.C. § 2000e-5(f) (requiring Title VII plaintiffs to exhaust administrative remedies).  After a claimant exhausts his administrative remedies, the EEOC will inform the claimant that he has 90 days within which to commence a civil action.  Id. § 2000e–5(f)(1).  "If the claimant does not bring suit within the prescribed 90–day period, the action is time-barred."  Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 142 (1st Cir. 2012).  The limitations period runs from the date of receipt.  Richards v. City of Bangor, Me., 878 F. Supp. 2d 271, 279 (D. Me. 2012).  Where there is no conclusive evidence of the date of receipt, courts assume that "in the absence of evidence to the contrary, a notice

provided by a government agency is deemed to have been placed in the mail on the date shown on the notice and received within a reasonable time thereafter." Loubriel, 694 F.3d at 143. Courts assume that a "reasonable time" in this context means three to five days. Id.

The date of mailing of the EEOC right-to-sue letter was July 23, 2012. D. 20-2. Correia did not commence this action until November 1, 2012. D. 1. As such, 100 days elapsed between the day the EEOC mailed the right-to-sue letter and Correia commenced this action. Even if the court presumes that Correia received the right-to-sue letter as many as five days after the EEOC transmitted it, 95 days elapsed between the date Correia is presumed to have received the letter and the date he commenced this action. Loubriel, 694 F.3d at 143. Under either analysis, Correia filed his complaint late, and accordingly, it is time-barred.

Correia does not dispute receipt of the right-to-sue letter nor offers any evidence that he did not receive it within a reasonable time after July 23, 2012. Instead, he argues that the Court should grant him some leeway as he is proceeding *pro se* and assumed that weekends were not calculable days for statute of limitations purposes. D. 22 at 3. It is true that the 90-day statute of limitations for ADA and Title VII claims are "nonjurisdictional and, therefore, subject to 'waiver, estoppel, or equitable grounds for tolling the statute.'" Ciprian v. City of Providence, No. 12-651, 2013 WL 1339264, at *4 (D.R.I. Apr. 1, 2013) (quoting Rice v. New England College, 676 F.2d 9, 10 (1st Cir. 1982) (further citation omitted)). Courts will, however, only equitably toll the statute of limitations under "exceptional circumstances." Id.; see also Chico–Velez v. Roche Products, Inc., 139 F.3d 56, 58–59 (1st Cir. 1998) (noting that "courts should take a 'narrow view' of equitable exceptions to Title VII limitation periods") (citation omitted). For equitable tolling to apply, the plaintiff must show "excusable ignorance of the statute of limitations caused by some misconduct of the defendant." Benitez-Pons v. Com. of Puerto Rico,

136 F.3d 54, 61 (1st Cir. 1998) (citation omitted). That is, "[e]quitable tolling is unavailable [merely] where a party fails to exercise reasonable diligence." Id. There is no suggestion that Correia was not aware of the 90-day statute of limitations or did not have actual or constructive notice of it. See id. Even if the Court assumes that Correia was ignorant of the statute of limitations and such ignorance was "excusable," he has presented no evidence of any misconduct by MBCR causing Correia to be ignorant of the procedural requirements of the ADA or that he acted reasonably in remaining ignorant about the proper calculation of that period. See id. The Court, therefore, finds no basis to toll equitably the statute of limitations in this case.

Similarly, Correia's *pro se* status does not provide an independent basis for the Court to toll the statute of limitations. "[I]t is well established that ignorance of the law, even for a[] . . . pro se [plaintiff], generally does not excuse prompt filing." Stonier v. United States, No. 03-10146-JLT, 2011 WL 1877670, at *4 (D. Mass. Apr. 7, 2011) (quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (further citation and internal quotation marks omitted), report and recommendation adopted, No. 03-10146-JLT, 2011 WL 1878138 (D. Mass. May 17, 2011); see also Swain v. N.Y. Life Ins. Co., No. 92-15124, 979 F.2d 856, 1992 WL 337733, at *1 (9th Cir. 1992) (unpublished) (rejecting *pro se* litigant's argument that statute of limitations should require plaintiffs to file complaints within 90 business days rather than 90 calendar days of receiving a right-to-sue letter). As the Court has found Correia's complaint time-barred and finds no basis to toll the statute of limitations, it ALLOWS MBCR's motion for judgment on the pleadings.[2]

---

[2] Having concluded that Correia's claim is time-barred and dismissal is warranted on this basis, the Court does not reach MBCR's further argument that the complaint fails to state an ADA claim for among other reasons, lack of adverse employment action, where Correia's pleading includes the allegation that he resigned before the results of his drug test were returned.

## V.     Conclusion

For the above reasons, the Court ALLOWS MBCR's motion for judgment on the pleadings, D. 20.  Accordingly, the Court DISMISSES the instant action.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge
